ROY BELL V. STATE

No. 27,325. February 8, 1956.

State's Motion for Rehearing Denied
(Without Written Opinion) March 7, 1956.

*Allred & London* and *Joe H. Cleveland,* Bowie, for appellant.

*Glen Sutherland,* County Attorney, Montague, and *Leon Douglas,* State's Attorney, Austin, for the state.

## ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Our original opinion herein is withdrawn. In view of our present disposition of this cause, a recitation of the facts will not be deemed necessary other than to observe that during the trial jailer Fenoglio was offered as a witness by the appellant. The state's witnesses had testified that the appellant was arrested some time after five o'clock on the afternoon in question. When Fenoglio was called, he stated that he had seen the appellant in jail between 6:30 and 7:00 o'clock. The state objected to Fenoglio's testimony as to the appellant's state of intoxication on the grounds that the time he saw the appellant was too remote from the time of arrest, and such objection was sustained. In so ruling, the trial court was clearly in error. The cases are innumerable where this court has authorized the admission into evidence of testimony of the jailer as to the condition of intoxication of an accused after he has been placed in jail.

At the time the motion for new trial was heard, the appellant perfected his bill of exception by incorporating therein the testimony of jailer Fenoglio. Such testimony would have been material to appellant's defense on the closely drawn issue of intoxication.

We have concluded that reversible error is reflected by the aciton of the court in refusing to permit Fenoglio to testify.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.